**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-23798-HERNANDEZ**

**OMAR K. WALFORD**,

Plaintiff,

v.

**RAMSEY COUNTY, MINNESOTA, *et al***.,

Defendant.[1]

______________________________________________/

ORDER

Before the Court is *pro se* Plaintiff Omar K. Walford's Motion for Leave to Proceed *in Forma Pauperis*, [ECF No. 3], and Motion for Referral to Volunteer Attorney Program, [ECF No. 4]. Because Plaintiff seeks leave to proceed *in forma pauperis*, his Complaint, [ECF No. 1], must be screened pursuant to 28 U.S.C. § 1915(e).[2] Under that statute, a court must dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons set forth below, Plaintiff's Complaint is **DISMISSED without prejudice** and Plaintiff's Motions are **DENIED as moot**.

## I. Background

Under Section 1915(e), a court is required to dismiss a case filed *in forma pauperis* if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). Federal Rule of Civil

[1] Plaintiff uses "et al." in the caption of his Complaint but identifies only Ramsey County as a defendant. Because Plaintiff identifies no defendant other than Ramsey County, this Order refers to a single defendant.

[2] This matter was assigned to us pursuant to Administrate Order 2025-11, which governs cases involving *pro se* litigants. Plaintiff consented to magistrate judge jurisdiction on June 12, 2026. [ECF No. 6].

Procedure 8(a)(2) instructs that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require "detailed factual allegations," but it does demand sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). While legal conclusions may provide the framework for a complaint, they are not entitled to the assumption of truth and must be supported by well-pleaded factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint that fails to identify its claims with sufficient clarity to enable the defendant to respond constitutes a "shotgun pleading" that violates Rule 8(a)(2). *Johnson v. Carnival Corp.*, No. 19-CV-23167, 2020 WL 128179, at *2 (S.D. Fla. Jan. 10, 2020). Shotgun pleadings undermine the court's "gatekeeping function with regard to the averments of the claim" by failing, in one way or another, to connect the "substantive count [to] the factual predicates." *Id.* (cleaned up) (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006)). One of the most common types of shotgun pleading—and the one most relevant here—is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" and possess inherent authority to dismiss a complaint on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (citation and quotation omitted). Still, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the

district court dismisses the action with prejudice." *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

Plaintiff filed this lawsuit against Defendant Ramsey County based on alleged violations of Plaintiff's constitutional and civil rights. [ECF No. 1 at 3 ¶¶ 1–2[3]]. The Complaint asserts claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.* (Count I), 42 U.S.C. § 1983 (Count II), and 42 U.S.C. § 1985 (Count III),[4] and seeks damages as well as declaratory and injunctive relief.[5] *Id.* at 5–6 ¶¶ 19–27, A–E. Plaintiff fails to allege sufficient facts to support any one of the asserted causes of action. Instead, the Complaint offers only conclusory assertions and vague allegations, failing Rule 8(a)(2)'s "short and plain statement" requirement and thus constituting an impermissible shotgun pleading that must be dismissed.

## II. Analysis

The Complaint fails in both form and substance. First, it fails to link any specific factual allegations to a particular cause of action and confusingly refers to unidentified "Defendants" (which is capitalized despite not being a defined term) and "multiple actors." Second, the Complaint fails to sketch out even a minimally comprehensible claim. We discuss each deficiency in turn.

Plaintiff's claims appear to stem from his incarceration in 2015 and, separately, from the suspension of his driver's license. *See* [ECF No. 1 at 4 ¶¶ 11–18]. He does not, however, explain how

---

[3] The Complaint, which is contained in what appears to be a printout of an email, uses numbered paragraphs, but the second and third pages are out of order. To avoid ambiguity, we cite both the page and paragraph number throughout.

[4] Plaintiff also refers generally to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, but does not assert a separate claim under that provision. [ECF No. 1 at 3 ¶ 1].

[5] Plaintiff includes in the Complaint an "Emergency Motion for Temporary Restraining Order." [ECF No. 1 at 1, 8–11]. The form of Plaintiff's request does not comply with Local Rule 7.1(d), which requires a request for expedited relief to be filed as a separate motion. *See* S.D. Fla. L.R. 7.1(d). Procedural defects aside, Plaintiff has not established a substantial likelihood of success on the merits because the Complaint fails to state any viable claim. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (listing the factors courts consider when determining whether to grant a temporary restraining order).

these events relate to his causes of action, nor does he outline the role Defendant played in harming him. Indeed, none of the factual allegations are incorporated or referenced in Plaintiff's claims for relief. And a review of the "Factual Allegations" section does not clarify the matter. *See id.* None of the factual allegations refer to Defendant, let alone identify conduct attributable to it. Plaintiff's "Claims for Relief," moreover, refer to unspecified "Defendants" and "multiple actors" and fail to explain how Defendant Ramsey County relates to either. *See id.* at 5 ¶¶ 19, 21, 23. Because it is "nearly impossible for Defendant[] and the Court to determine with any certainty which factual allegations give rise to which claims for relief," the Complaint "patently violates" Rule 8(a)(2) and cannot stand as pleaded. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018).

Aside from these structural deficiencies, the Complaint also fails to allege facts showing *how* the alleged conduct violates any of the federal statutes Plaintiff invokes. The allegations concerning Plaintiff's treatment in custody[6] illustrate the deficiency. Plaintiff alleges that, "beginning in or around 2015," he was "subjected to repeated custody and legal proceedings." [ECF No. 1 at 4 ¶ 11]. During this time, he says, he was denied access to medical care, *id.* ¶ 12, "placed in segregation and restrictive custody conditions," *id.* ¶ 13, and was denied access to certain records, *id.* ¶¶ 14–15. He further avers that he "experienced emotional harm related to the inability to attend family funerals or family events while in custody." *Id.* ¶ 16. As a threshold matter, Plaintiff does not allege that he was unlawfully imprisoned or that his custody was otherwise contrary to law. Moreover, these conclusory assertions fail to set out a claim under any of the listed statutory provisions. Plaintiff does not, for example, allege any facts showing that he was denied a public benefit "by reason of" his alleged disability (the

[6] Plaintiff's allegations concerning the suspension of his driver's license are scant and, in any event, it is not readily apparent how they connect, if at all, to any count. *See* [ECF No. 1 at 4 ¶¶ 17–18]. Rather, after the conclusion of his Complaint, Plaintiff appends a section titled "Emergency Basis" and outlines a series of issues ranging from alleged medical concerns to the suspension of his license. *See id.* at 8–11. Some of the paragraphs in that section are numbered, but many are not, which is why only the page numbers are included in the preceding citation. Because this section fails to outline a request for relief and bears little—if any—relationship to the Complaint, it cannot save the deficient pleading.

ADA claim),[7] that a *person* acting under color of state law deprived him of a constitutional right through conduct attributable to Ramsey County (the § 1983 civil rights claim),[8] or that two or more persons agreed to deprive him of his protected rights (the § 1985 conspiracy claim).[9]

By failing to connect the substantive counts to the factual predicates, and, worse still, by passing off conclusory assertions as factual predicates, the Complaint constitutes a shotgun pleading that must be dismissed under § 1915(e)(2)(B)(ii). Because Plaintiff is proceeding *pro se*, however, the Court will provide Plaintiff an opportunity to file an Amended Complaint. Plaintiff must comply with all applicable procedural rules and allege sufficient facts in any Amended Complaint to plausibly state a claim. Plaintiff must ensure that his Amended Complaint complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. In accordance with Rule 8, Plaintiff's Amended Complaint must contain: (1) a short and plain statement of the grounds for the Court's jurisdiction; (2) a short and plain statement of the claim showing that Plaintiff is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff should take care to connect the factual allegations in his Amended Complaint to each enumerated claim, articulate how the alleged conduct satisfies the elements of each asserted cause of action, and identify the defendant (or defendants) responsible for that conduct. Moreover, Plaintiff must state his allegations "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

---

[7] *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (quoting 42 U.S.C. § 12132).

[8] *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993); *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802–03 (11th Cir. 2006) (affirming dismissal of § 1983 action where the *pro se* plaintiff "failed to name individual defendants and failed to articulate specific claims against those defendants").

[9] *Thomas v. Pichardo*, No. 08-22333-CIV, 2010 WL 3119623, at *8 (S.D. Fla. June 2, 2010), *report and recommendation adopted*, No. 08-22333-CIV, 2010 WL 3119544 (S.D. Fla. Aug. 3, 2010).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Complaint, [ECF No. 1], is **DISMISSED without prejudice**. Plaintiff shall file an Amended Complaint in accordance with this Order by September 18, 2026. Failure to do so may result in dismissal of this action without further notice.

2. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, [ECF No. 3], and Motion for Referral to Volunteer Attorney Program, [ECF No. 4] are **DENIED as moot**. Plaintiff may renew those motions upon filing his Amended Complaint.

DONE AND ORDERED in Chambers in Miami, Florida, on August 18, 2026.

YENEY HERNANDEZ
UNITED STATES MAGISTRATE JUDGE